Chief Justice Robertson
delivered the Opinion of the Court.
Dunlap sued Adams on a proihisory note for five hundred dollars, with sundry credits endorsed on it. A jury sworn -to enquire of damages, returned a verdict in favor of Dunlap, for one hundred and ninety seven dollars and seventy four cents.
After the amount of the judgment had been coerced by execution, Adams filed a bill in chancery, alleging that he had been allowed only fifty dollars as a credit for one hundred dollars in notes of the Bank of the Commonwealth, which had been indorsed on the note as one hundred dollars in said notes; and also alleging, that, in other respects, the full amount of the indorsed credits had not been allowed to him, and that he had paid to Dunlap, a saddle, at the price of twenty five dollars, which had not been indorsed on the note as a credit, but that Dunlap had allowed a credit for twelve dollars and fifty cents only, on the enquiry of damages, which was taken in his (Adams’) absence.
Dunlap denied, in his answer, that Adams was entitled to any l-elief, or that any injustice had been done to him. But the circuit court decreed to Adams, seventy eight dollars and forty eight cents, with interest,-and costs.
The decree cannot be sustained. If the jury did not allow as much for the indorsed credits as Adams was entitled to, the judgment on the verdict was erroneous. A bill in chancery for restitution, could not have been sustained, after the amount of the judgment had been paid. If there be any available remedy, it is assumpsit.
As to the price of the saddle which had not been indorsed, Adams might have been entitled to a set-off for the difference between what he was entitled to for the saddle, and the sum for which Dunlap gave credit. But *585 having paid the judgment, he cannot recover by bill in chancery, even if lie be entitled to any thing. The chancellor had no jurisdiction, especially as the amount was only twelve dollars and fifty cents.
Decree reversed, and cause remanded, with instructions to dismiss the bill.